UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM G. CORBELLO,** Individually And As Agent For **CORBELLO INVESTORS,** A Limited Partnership, **CORBELLO FAMILY PARTNERSHIP** And **ROSA HEYD CORBELLO TRUST** | : : : | **CIVIL ACTION NO. 11-CV-457** **JUDGE MINALDI** |
| **VERSUS** | : | |
| **TARGA RESOURCES, INC.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

On April 7, 2011, plaintiffs William G. Corbello, individually and as agent for Corbello Investors, a limited partnership, Corbello Family partnership, and Rosa Hyde Corbello Trust (collectively "the Corbellos") filed a Motion to Remand [doc. 6]. For the reasons set forth herein, the plaintiffs' motion is **DENIED.**

### Background

This dispute arises out of a lease agreement. Doc. 1. The lease granted the defendant, Targa Resources, Inc. (Targa), a right-of-way onto the Corbellos' property for purposes of "maintaining, operating, repairing, [and] replacing . . . pipelines for the transportation of oil, gas, and petroleum . . ." Doc. 1, att. 4, p. 1. The lease was for a term of ten years commencing January 15, 2003, and ending on January 15, 2013. *Id.* During the lease term Targa was to pay the Corbellox $30,000 per year due on or before each anniversary date of the lease. *Id.* at 6; doc. 1, att. 1, p. 2. Also, the lease granted Targa a unilateral right of renewal for an additional ten

year period at $40,000 per year. Doc. 1, att. 4, pp. 1, 6. This renewal was to be exercised in writing "at least two (2) months prior to the anniversary date of the then Primary Term . . . ." Doc. 1, att. 4, p. 1.

On February 9, 2011, the Corbellos filed suit in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, alleging that Targa "failed and refused to make the required payment that became due on January 15, 2011, paying only $20,000.00 rather than the $30,000.00 called for in the agreement between the parties." Doc. 1, att. 1, p. 2. The Corbellos prayed for judgment "cancelling the lease and awarding all past due amounts, as well as additional damages as may be due, including an award of attorney's fees as specified in the contract between the parties . . . .". *Id.* at 3.

On March 22, 2011, Targa removed this suit to federal court, pursuant to 28 U.S.C. § 1441. Doc. 1. Targa alleges that this court would have had original subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1); therefore, this court has valid removal jurisdiction under 28 U.S.C. § 1441(b). *Id.* at 6. Specifically, Targa submits that diversity jurisdiction exists because all of the parties to the suit are diverse and that the amount in controversy exceeds $75,000.00. *Id.*

The Corbellos have filed the instant motion to remand suggesting this court lacks subject matter jurisdiction as the amount in controversy is insufficient. Doc. 6. The Corbellos contend that because damages were unspecified in the original petition the burden rests with Targa to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount. Doc. 6, att. 1, p. 3. It is the Corbellos' position that Targa cannot carry this burden because the Corbellos' claim consists only of the $10,000.00 that Targa allegedly

failed to pay and $30,000.00 due under the final year of the lease for a total cash value of $40,000.00. *Id.* at 7.

In their memorandum the Corbellos do not discuss what value, if any, is to be attributed to its request for judgment declaring the lease cancelled but instead focus only on the rentals sought for the current term of the lease. The Corbellos also do not discuss how their request for contractual attorney's fees would impact the court's consideration. The Corbellos do seek attorney fees for what they claim to be an improvident removal under 28 U.S.C. § 1447(c) and assert that "reasonable attorney fees of $5,000.00 should be assessed." *Id.* at 8.

Targa opposes plaintiffs' motion by noting that plaintiffs have not included the value of the declaratory relief sought when arguing their remand. It suggests that the option to renew was exercised on August 31, 2010. Doc. 8, p. 5. It cites jurisprudence, most notably *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983), which holds that amount in controversy in declaratory actions is determined by reference to the value of the right to be protected or the extent of injury to be prevented. *Id.* at 7. Targa maintains the determination of the amount in controversy in this case would require consideration of the value of the renewal term, $400,000.00, in addition to the $10,000.00 allegedly past due and the $30,000.00 due for the final year of the current lease term. *Id.* at 5. Therefore, Targa argues that the amount in controversy exceeds $75,000.00 and that this court has valid subject matter jurisdiction over the claim. *Id.* at 10.

In reply to Targa's opposition the Corbellos again do not address the issue as a consideration of what would be the value of the right being sought to be terminated through their request for declaratory relief but instead frame defendant's argument as follows:

> In order to get to the required $75,000 jurisdictional amount, the defendant argues that the Court should *add* to the "amount in controversy" (1) the potential $10,000 breaches that could arise if it fails to pay the full $30,000 annual rental due under the remaining three years of the right-of-way contract *and* (2) the potential

> $10,000 breaches that could arise if it fails to pay the full $30,000 annual rental due under an additional ten years that theoretically may become due *if it renews the right-of-way* in the future.

Doc. 8 at p. 3 (emphasis in original). This approach, the Corbellos argue, would require this court to engage in speculation that is contrary to the jurisprudence it cites. Once again in reply the Corbellos focus only upon the $10,000 not paid in January of 2011 and the $30,000 payment which would be due in January of 2012. The Corbellos acknowledge in their reply that they have "sued to cancel the lease" but suggest their success would mean that "there will *never* be any additional installment payments due. Thus, once again, the defendant bases its removal on speculation about future events, not about facts that existed *at the time of removal*." *Id.* at 5.

Targa sought and was granted leave to supplement its opposition to the Motion to Remand. Targa argues in supplement that none of the jurisprudence offered by the Corbellos is apposite to the extent the cases cited do not involve requests for declaratory relief. Targa also notes that cases cited by plaintiffs where the claim was for something more than a request for unpaid back benefits, i.e. a cancellation or nullification of the underlying contract creating the obligation, actually support and do not defeat the position taken by defendant. *See generally* Doc. 14.

The Corbellos' Motion to Remand is now before the court.

## **Law and Analysis**

Federal Courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only that power authorized by Constitution and statute. *Id.*

Congress has bestowed original jurisdiction in federal district courts for all civil matters where the parties are citizens of different states and the amount in controversy exceeds

$75,000.00.  *See* 28 U.S.C. § 133.  Civil actions that are filed in state court may be removed to federal court by a defendant if the conditions set forth in section 1332 are met.  *See* 28 U.S.C. § 1441.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).  When the plaintiff has alleged a specific sum of damages in its petition, that amount controls if made in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also Allen*, 63 F.3d at 1335.  However, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]."  *Allen*, 63 F.3d at 1335 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).  "Any ambiguities [in the petition] are construed against removal because the removal statute should be strictly construed in favor of remand."  *Manguno v. Prudential Prop. & Cas. Inc. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

We find the cases set forth by Targa to present an accurate statement of the law as it exists in this circuit and in this district[1].  Aside from the $40,000 amount in controversy which both sides appear to concede and without regard to the plaintiffs' claim for attorney fees which neither side addresses squarely[2], it appears quite clear that the amount in controversy in this case, considering plaintiffs' request that the contract be declared breached and voided, would include

---

[1] In so holding we specifically repudiate the characterization of the issue as posed by plaintiffs in their reply memorandum quoted above in this opinion.  Plaintiffs' statements to the contrary notwithstanding defendant does not seek to "add" to the claim in the manner suggested in the opposition but rather defendant has consistently taken the position that the value of the request for declaratory relief would include the value of the rent that would be due under the renewal period.

[2] When a contract or statute at issue in a case contains a provision for the potential award of fees, such fees may be included in the amount in controversy.  *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 874 (5th Cir.2002).

the value of the renewal period of the lease, $400,000.00.  Thus we find that an adequate amount in controversy exists.

The Fifth Circuit Court of Appeals has found, as noted above, that the amount in controversy "is the value of the contractual right to be protected or the extent of the injury to be prevented." *Leininger, supra,* 705 F.2d at 729.  That statement has been relied upon by courts in this district to conclude that when

> a party seeks declaratory relief such as cancellation of a contract or lease, the amount in controversy is not measured by the mere amount of the potential monetary judgment, but by the judgment's value to the plaintiff.  Where the judgment sought includes cancellation of a future obligation, the value of that future obligation is considered in determining the amount in controversy.

*Ladner v. Tauren Exploration, Inc.*, 2009 WL 196021 *1 (W.D.La.) (Stagg, J.)  *See also House v. AGCO Corp.*, 2005 WL 3440834 (W.D. La.) (Hornsby, M.J.).  This position is consistent with the position taken in the Middle District of Louisiana (*Hill v. Billups of Gonzales, Inc.*, 610 F.Supp. 162 (M.D. La. 1986)) and the Eastern District of Louisiana (*ONeal v. Circle K Corp.*, 187 WL 13079 (E.D. La.)).

In this case the value of the lease's renewal option, not discounted for present day value, is $400,000.  Targa argues in its oppositions to remand that it has exercised the option and plaintiffs have suggested no such option has been requested or allowed.  This is a fact that need not be considered by this court as renewal of the contract does not depend on any circumstance other than Targa providing written notice sixty days prior to termination of the original term, January 15, 2013.  Accordingly, the renewal option may still be exercised.  Unexercised renewal options are to be considered when considering amount in controversy.  *See Hale* and *O'Neal, supra.*

This court agrees with Targa that "[p]laintiffs do not direct the Court to any jurisprudence discussing how to determine the amount in controversy in a suit requesting a declaratory judgment that a contract was breached and therefore terminated." Doc. 14, p. 1. Additionally, this court finds that the authority offered by Targa is sound and speaks directly to the issue before the court.

Therefore, it is the opinion of this court that the rights at issue include the renewal term which is valued at $400,000.00. Thus, it is facially apparent from the state court pleadings, at the time of removal, that the amount in controversy exceeds $75,000.00. As such, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and Corbello's motion to remand [doc. 6] is hereby **DENIED**.

## Conclusion

For the reasons above, this court finds that removal was proper under 28 U.S.C. §§ 1332, 1441. Accordingly, this court has subject matter jurisdiction over the current case and Corbello's Motion to Remand is hereby **DENIED**.

THUS DONE this 2nd day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE